06  6006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

BASILIO A. SIMONS,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
DEPUTY INSPECTOR DOUGLAS G. ROLSTON,
POLICE LIEUTENANT MICHAEL WILLIS,
SERGEANT DAVID CANTER, and
POLICE OFFICER JAMES W. GIRDUSKY,

                    Defendants.

------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

NOV 0 8 2006

BROOKLYN OFFICE

IRIZARRY, J.

REYES, M.J

**COMPLAINT**

Docket No. _____

## INTRODUCTION

1.    This is a civil action to recover money damages for general, special and punitive damages, including damages for mental anguish, shame, humiliation, injury to reputation, loss of earnings and legal expenses for violations of constitutional, civil and common-law rights of Plaintiff Basilio A. Simons and related damages to redress the injuries caused to Plaintiff as a result of the willful, wanton, malicious, reckless, careless and negligent conduct committed by Defendants The City of New York, The New City Police Department, by their agents, servants and/or employees, including Defendants Deputy Inspector Douglas Rolston, Lieutenant Michael Willis, Sergeant David Canter and Officer James W. Girdusky, including but not limited to the violation of Plaintiff's Constitutional and Civil Rights under the Fourth, Fifth and Fourteenth Amendments of the Federal Constitution, False Arrest, False Imprisonment, Malicious Prosecution and other violations under USCA §§ 1983, 1985(3), et seq.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the action pursuant to <u>42 U.S.C. 1981 and 28 U.S.C. §§ 1343 and 1367.</u>

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Eastern District of New York.

## THE PARTIES

### Plaintiff

4.      Plaintiff Basilio A. Simons was and still is an individual residing in the State of New York, Kings County.

5.      Plaintiff is an African-American male citizen of the United States.

6.      On November 9, 2005, Plaintiff was a 46 year-old, former member of the New York City Police Department who had retired twenty-two months earlier as a decorated detective and was well respected and held in high esteem by members of the New York City Police Department and other law enforcement agencies throughout the City of New York.

7.      On November 9, 2005, Plaintiff was employed by the Metropolitan Transit Authority (the "MTA"), a New York State agency, as an armed investigator.

### Defendants

8.      Defendant The City of New York was, and still is, a municipal corporation duly authorized and existing under, and by virtue of, the laws of the State of New York.

9.      Defendant The New City Police Department was, and still is, a municipal agency, department and/or entity of the Defendant The City of New York.

10.      Defendant The City of New York had in its employ police officers and other law enforcement personnel.

11.      That at all times hereinafter mentioned Defendant The New City Police Department had in its employ police officers and other law enforcement personnel.

2

12.     Defendants The New City Police Department maintained a police stationhouse designated the 115th Precinct, located at 92-15 Northern Boulevard, Jackson Heights, Queens County, New York.

13.     Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Inspector Douglas Rolston ("Deputy Inspector Rolston") was employed by Defendant The City of New York.

14.     Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Inspector Rolston was employed by Defendant The New City Police Department.

15.     Upon information and belief, at all times hereinafter mentioned, and in particular on November 9, 2005, Defendant Deputy Inspector Rolston was assigned as the highest ranking commanding officer for the 115th Precinct.

16.     Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Inspector Rolston was acting within the course and scope of his employment with Defendant The City of New York.

17.     Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Inspector Rolston, was acting within the course and scope of his employment with Defendant The New City Police Department.

18.     Upon information and belief, at all times hereinafter mentioned, Defendant Police Lieutenant Michael Willis ("Lieutenant Willis") was employed by Defendant The City of New York.

19.     Upon information and belief, at all times hereinafter mentioned, Defendant Lieutenant Willis was employed by Defendant The New City Police Department.

3

20.     Upon information and belief, at all times hereinafter mentioned, and in particular on November 9, 2005, Defendant Lieutenant Willis was assigned as a supervisory officer for the 115th Precinct.

21.     Upon information and belief, at all times hereinafter mentioned, Defendant Lieutenant Willis was acting within the course and scope of his employment with Defendant The City of New York.

22.     Upon information and belief, at all times hereinafter mentioned, Defendant Lieutenant Willis was acting within the course and scope of his employment with Defendant The New City Police Department.

23.     Upon information and belief, at all times hereinafter mentioned, Defendant Sergeant David Canter ("Sergeant Canter") was employed by Defendant The City of New York.

24.     At all times hereinafter mentioned, Defendant Sergeant Canter was employed by Defendant The New City Police Department.

25.     Upon information and belief, at all times hereinafter mentioned, and in particular on November 9, 2005, Defendant Sergeant Canter was assigned as a supervisory officer for the 115th Precinct.

26.     Upon information and belief, at all times hereinafter mentioned, Defendant Sergeant Canter was acting within the course and scope of his employment with Defendant The City of New York.

27.     Upon information and belief, at all times hereinafter mentioned, Defendant Sergeant Canter was acting within the course and scope of his employment with Defendant The New City Police Department.

4

28.    Upon information and belief, at all times hereinafter mentioned, Defendant Police Officer James W. Girdusky ("Officer Girdusky") was employed by Defendant The City of New York.

29.    Upon information and belief, at all times hereinafter mentioned, Defendant Officer Girdusky was employed by Defendant The New City Police Department.

30.    Upon information and belief, at all times hereinafter mentioned, and in particular on November 9, 2005, Defendant Officer Girdusky was assigned as a patrol officer for the 115th Precinct.

31.    Upon information and belief, at all times hereinafter mentioned, Defendant Officer Girdusky was acting within the course and scope of his employment with Defendant The City of New York.

32.    Upon information and belief, at all times hereinafter mentioned, Defendant Officer Girdusky was acting within the course and scope of his employment with Defendant The New City Police Department.

## NOTICE OF CLAIM

33.    On or about February 6, 2006, prior to the commencement of this action, and within the time prescribed by New York State law, a sworn Notice of Claim, stating, among other things, the time and place where the damages were sustained, together with Plaintiff's demands for adjustment thereof, was duly served on the Plaintiff's behalf upon the Comptroller for the City of New York and thereafter the Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and thereafter, and within the time provided by New York State law, this action was commenced.

34.     On or about March 28, 2006, pursuant to section 50-h of the General Municipal Law of the State of New York, a statutory hearing was finally held at the office of attorneys for Defendants The City of New York and The New City Police Department and their agents, servants and/or employees, including Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky.

35.     Plaintiff has complied with all conditions precedent to bringing this action, and more particularly the filing of a notice of claim.

36.     This action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

## FACTUAL BACKGROUND

37.     On November 9, 2005, at approximately 8:30 a.m., while Plaintiff Basilio A. Simons was driving his personal car on the Grand Central Parkway in Queens County, New York, en route to his place of employment on Randall's Island with the MTA, Plaintiff encountered a male motorist who began screaming profanities at Plaintiff and angrily pointing at him as both cars traveled at a rate of approximately 40 to 50 miles an hour. The motorist then began throwing objects out of his car at Plaintiff's vehicle, including a glass bottle and another object, both of which struck Plaintiff's car. The motorist recklessly attempted to force Plaintiff off the road, onto the shoulder of the Grand Central Parkway, and then tried to force Plaintiff's car into a pillar at an approaching exit on the highway, seriously endangering Plaintiff and other motorists and passengers traveling on the road.

38.     Believing that the motorist's reckless, irresponsible, out of control conduct described in paragraph 37 above was likely to cause imminent harm to Plaintiff and/or other motorists on the highway, Plaintiff undertook to detain the motorist and conduct a citizen's arrest.

6

39.    Plaintiff drew his duly licensed firearm to detain and arrest the motorist.

40.    During the events described above, Plaintiff used his cellular telephone to place two calls to "911," during which Plaintiff identified himself as retired member of the New York City Police Department, described to the police dispatcher the motorist's conduct and Plaintiff's location on the Grand Central Parkway and requested police assistance.

41.    Pursuant to the laws of the State of New York, including Criminal Procedure Law ("N.Y.S.C.P.L.") Sections 140.30 and 140.35(3), and Penal Law ("N.Y.S.P.L.") Section 35.30(4)(a), Plaintiff was authorized to use "physical force" to conduct a citizen's arrest of any person for any offense committed in Plaintiff's presence.

42.    After Plaintiff detained the motorist described above and awaited arrival of uniformed police officers at a service roadway of the Grand Central Parkway, Plaintiff was approached by two uniformed police officers, whose identities are currently unknown to Plaintiff, to whom Plaintiff identified himself and described the events as summarized above.

43.    Shortly thereafter Plaintiff was approached by Defendants Sergeant Canter and Officer Girdusky, to whom Plaintiff identified himself, displayed his credentials as a retired service member, representing himself as someone trustworthy and credible, and again described the events as summarized above.

44.    Defendant Sergeant Canter ordered Plaintiff to surrender his licensed firearm to Sergeant Canter and to accompany them to the 115th Precinct in a police patrol car.

45.    Within several minutes after Plaintiff was brought to the 115th Precinct stationhouse, Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky conspired and agreed to arrest and detain Plaintiff and charge Plaintiff with the crimes of felony Criminal Possession of Weapon in the second degree, under N.Y.S.P.L. Section 265.03, and misdemeanor Menacing in the third degree, under N.Y.S.P.L. Section 120.15.

46.     Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky arrested and detained Plaintiff without probable cause or any objectively reasonable suspicion to believe that Plaintiff had committed any crime.

47.     The malicious, wanton and reckless intent of Defendants to unreasonably seize, unlawfully arrest and maliciously prosecute Plaintiff is evidenced in that at no time mentioned herein was the male motorist described above detained or arrested by Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky for the offenses that Plaintiff credibly described to Defendants on numerous occasions.

48.     Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky thereafter detained Plaintiff for more than sixteen (16) hours at the 115th Precinct stationhouse after Plaintiff was placed under arrest.

49.     While Plaintiff was being held in detention at the 115th Precinct stationhouse, police detectives assigned to the 115th Precinct conducted a brief inquiry into the history of the motorist described above in paragraph 39 herein.  This same motorist was prone to violent propensities and had been convicted of armed Robbery in the first degree in connection with a car-jacking incident in the 112th Precinct in Queens County, New York, and the motorist was on post-release parole supervision until December 21, 2017, under the supervision of the New York State Division of Parole.

50.     Despite learning of the violent propensities of the motorist described above while Plaintiff was still being held in detention at the 115th Precinct stationhouse, Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky steadfastly refused to void the unlawful and unreasonable arrest of Plaintiff and instead continued their detention of Plaintiff.

51.     Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky wantonly, maliciously and recklessly conspired to unlawfully arrest and unreasonably detain Plaintiff by knowingly charging Plaintiff with the Class "C" felony of Criminal Possession of a Weapon in the second degree, pursuant to N.Y.S.P.L., Section 265.03.

52.     Plaintiff's arrest and detention by the Defendants for the felony of criminal possession of a weapon was unlawful and contrary to well established laws of New York State.

53.     Pursuant to N.Y.S.P.L. Section 265.20 (a)(3) and the ruling of New York State's highest court, the Court of Appeals, issued a quarter century ago, in *People v. Parker*, 52 N.Y.2d 935 (1981), *adopting dissent* in *People v. Parker*, 70 A.D.2d 387, 391-394 (1st Dept. 1979)(holding that pursuant to N.Y.S.P.L. Section 265.20(a)(3), a person holding a valid pistol permit is exempt from charges of criminal possession of weapon), the Class "C" felony of Criminal Possession of a Weapon in the second degree was a charge for which these defendants knew or should have know the laws of the State of New York exempted persons such as Plaintiff who in fact held a valid firearm permit.

54.     Defendants nevertheless intended to unreasonably and maliciously detain Plaintiff and ensure that Plaintiff was subjected to prolonged detention and humiliation during the "booking" process when they conspired to lodge the serious felony charge of criminal possession of weapon in the second degree against Plaintiff, which was a charge that precluded the option to issue a Desk Appearance Ticket ("D.A.T.") to Plaintiff, pursuant to N.Y.S.C.P.L. Section 150.20(1) and (2), and permit his immediate release directly from the stationhouse, as is authorized in cases of low level felony and misdemeanor charges, only, against individuals whose identity, such as plaintiff, was verified by an arresting officer.

55.     Plaintiff's arrest and detention by the Defendants for the charge of menacing was unlawful, unjustified and without any objectively reasonable basis to believe that Plaintiff

actually and unjustifiably intended to physically menace and place the motorist described above in fear of death, imminent serious physical injury or physical injury, as required by N.Y.S.P.L. Section 120.15.

56.    The malicious, wanton and reckless intent of Defendants to unreasonably seize, unlawfully arrest and detain and maliciously prosecute Plaintiff is evidenced in that Defendant Officer Girdusky swore in an affidavit that was filed as a misdemeanor complaint against Plaintiff in the Criminal Court of the City of New York, Queens County, that read in part that when the motorist and a passenger stopped their car: "The Defendant exited his vehicle, pointed a gun at them and demanded that they exit their vehicle and place their hands on said vehicle." A copy of the Criminal Court complaint is attached hereto as Exhibit 1.

57.    The explicit factual predicate contained in the affidavit filed by Defendant Officer Girdusky was entirely consistent with Plaintiff's stated intention to effect a citizens' arrest, as authorized under New York State law, and was entirely inconsistent with any notion that Plaintiff actually and unjustifiably intended to place the motorist described above and his passenger in reasonable fear of physical injury, serious physical injury or death, or that the motorist or his passenger reasonably experienced such fears.

58.    Over sixteen (16) hours after his arrest and detention, Plaintiff was taken in custody and handcuffed to the police department's central booking facilities in the basement of the building that housed the Queens County Criminal Court for the City of New York, where Plaintiff was searched, photographed, fingerprinted and arraigned on the sole charge of Menacing in the second degree, pursuant to N.Y.S.P.L. Section 120.14(1), to which Plaintiff pled not guilty and was thereafter released on his own recognizance, without posting bail.

59.     Plaintiff retained counsel at his own cost and appeared on each of the three subsequent occasions that he was required to appear in the Queens County Criminal Court in connection with the criminal charge lodged against him.

60.     The criminal charge that Defendant Officer Girdusky filed against Plaintiff was dismissed on January 13, 2006, after a representative of the Office of the Queens County District Attorney verbally requested permission from the presiding judge in the Criminal Court to dismiss the charge lodged against Plaintiff on the representation that the District Attorney's Office was unable to proceed and sustain its burden of proof because neither the motorist described above nor his passenger would execute a supporting deposition to corroborate the affidavit filed by Defendant Officer Girdusky, as was required under N.Y.S.C.P.L., Sections 100.10(1) and (4), 100.20, 100.15(1) and 170.65(1), for the prosecution to successfully proceed.

61.     The sole purpose that Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky detained and arrested Plaintiff was to cause Plaintiff harassment, embarrassment, humiliation, ridicule, intimidation, punishment and injury while blatantly disregarding ample, uncontroverted information that Plaintiff did not commit any crime.

62.     Plaintiff was dismissed and fired from his position as an investigator with the MTA as a consequence of his arrest, detention and prosecution initiated by Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky.

63.     Defendants intended to unlawfully, maliciously, intentionally and recklessly harass, embarrass, humiliate, ridicule, intimidate and injure Plaintiff on the basis of Plaintiff's race as an African-American male civilian who held a license to carry a firearm.

## AS AND FOR THE FIRST COUNT

64.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 63 inclusive, and with the same force and effect as if more fully set forth herein at length.

65.    When Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky unlawfully and unreasonably seized, arrested and detained Plaintiff, they acted individually and in concert, to willfully, knowingly and maliciously to deprive Plaintiff Basilio A. Simons of his Constitutional and Civil rights secured under the Fourth Amendment of the United States Constitution, including his right not to be subjected to unreasonable seizure and detention.

66.    The conduct of Defendants as described above caused Plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings, loss of his employment with the MTA and incur legal expenses, all of which was avoidable by the exercise of due and reasonable care on the part of these Defendants.

67.    By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE SECOND COUNT

68.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 67 inclusive, and with the same force and effect as if more fully set forth herein at length.

69.    When Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky unlawfully and unreasonably arrested and detained Plaintiff, they acted individually and in concert, to willfully, knowingly and maliciously deprive Plaintiff Basilio A. Simons of his Constitutional and Civil rights secured under the Fifth and Fourteenth

Amendments of the United States Constitution, including his right not to be deprived of liberty without Due Process and his right to Equal Protection of the laws.

70.    The conduct of the Defendants as set forth above caused Plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings, loss of his employment with the MTA and incur legal expenses, all of which was avoidable by the exercise of due and reasonable care on the part of these Defendants.

71.    By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE THIRD COUNT

72.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 71 inclusive, and with the same force and effect as if more fully set forth herein at length.

73.    When Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky acted under color of authority to intentionally, unlawfully, unreasonably, wantonly, maliciously and recklessly arrest and detain Plaintiff, they acted to deprive Plaintiff of his rights and privileges secured under the Constitution and laws of the United States, contrary to and in violation of 42 U.S.C. §1983 et. seq.

74.    The acts of the Defendants described above caused Plaintiff Basilio A. Simons to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings, loss of his employment with the MTA and incur legal expenses, all of which was avoidable by the exercise of due and reasonable care on the part of these Defendants.

75.    By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS, and seeks punitive damages.

## AS AND FOR THE FOURTH COUNT

76.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 75 inclusive, and with the same force and effect as if more fully set forth herein at length.

77.    When Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky unlawfully and unreasonably arrested and detained Plaintiff, they conspired to willfully, knowingly and maliciously deprive Plaintiff Basilio A. Simons of the equal protection of the laws, contrary to and in violation of 42 U.S.C. §1985 et. seq.

78.    Defendants aforesaid acts caused Plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings, loss of his employment with the MTA and incur legal expenses, all of which was avoidable by the exercise of due and reasonable care on the part of these Defendants.

79.    By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS and seeks recovery of all other permissibly damages.

## AS AND FOR THE FIFTH COUNT

80.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 79 inclusive, and with the same force and effect as if more fully set forth herein at length.

81.    On November 9, 2005, Defendants The City of New York and The New City Police Department, their agents, servants and employees, including Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky, falsely arrested Plaintiff in violation of the common-law of the State of New York, without probable cause or reasonable

suspicion or belief that Plaintiff had committed any crime, without Plaintiff's consent and were not otherwise privileged to do so.

82.    The aforesaid acts of Defendants caused Plaintiff Basilio A. Simons to sustain mental anguish, shame, humiliation, punishment, injury to his reputation and economic damages, including loss of earnings and loss of his employment with the MTA, all of which was avoidable by the exercise of due and reasonable care on the part of these Defendants.

83.    By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE SIXTH COUNT

84.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 83 inclusive, and with the same force and effect as if more fully set forth herein at length.

85.    On November 9, 2005, Defendants The City of New York and The New City Police Department, their agents, servants, employees, including Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky, falsely imprisoned Plaintiff in violation of the common-law of the State of New York, without probable cause or reasonable suspicion or belief that Plaintiff had committed any crime, without Plaintiff's consent and were not otherwise privileged to do so.

86.    The aforesaid acts of Defendants caused Plaintiff Basilio A. Simons to sustain mental anguish, shame, humiliation, punishment, injury to his reputation and economic damages, including loss of earnings and loss of his employment with the MTA, all of which was avoidable by the exercise of due and reasonable care on the part of these Defendants.

87.    By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE SEVENTH COUNT

88.     Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 87 inclusive, and with the same force and effect as if more fully set forth herein at length.

89.     On November 9, 2005, Defendants, The City of New York and The New City Police Department, their agents, servants, employees, including Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky, maliciously prosecuted Plaintiff in violation of the common-law of the State of New York and acted with actual malice and without probable cause or reasonable suspicion or belief that Plaintiff had committed any crime, in that Defendants commenced a criminal proceeding against Plaintiff, which resulted in termination of the criminal proceeding in favor of Plaintiff.

90.     That the aforesaid arrest and detention of Plaintiff by Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky was unlawful, malicious, intentional, reckless and initiated to further harass, embarrass, humiliate, punish, ridicule, intimidate, traumatize and injure Plaintiff.

91.     The aforesaid acts of Defendants caused Plaintiff Basilio A. Simons to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings, loss of his employment with the MTA and to incur legal expenses to defend himself against Defendants' unlawful conduct, which included filing a frivolous and unsupported criminal charge against him.

92.     By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE EIGHTH COUNT

93.     Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 92 inclusive, and with the same force and effect as if more fully set forth herein at length.

94.     The aforesaid unlawful arrest, detention, imprisonment and malicious prosecution of Plaintiff was caused to occur due to the negligence, carelessness and recklessness of all Defendants herein.

95.     Defendants The City of New York and The New City Police Department were negligent, careless and reckless in hiring, training, retaining and supervising Defendant Deputy Inspector Rolston who they knew or should have known acted in an arbitrary and capricious manner and was unsuited for a supervisory law enforcement position.

96.     Defendants The City of New York and The New City Police Department were negligent in hiring, training, retention and supervising Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky who were careless, unskillful, negligent, and who did not possess the requisite knowledge, skill, character and competence to properly discharge their duties as police supervisory personnel and officers.

97.     During the course of their employment, Defendants The City of New York and The New City Police Department failed to properly investigate the backgrounds, qualifications, psychological status, character, educational levels, competence, capacities and abilities of Defendants Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky.

98.     By reason of the aforesaid negligent, careless, and reckless conduct, Plaintiff Basilio A. Simons was caused to sustain mental anguish, shame, humiliation, injury to his reputation, loss of earnings, loss of his employment with the MTA and to incur legal expenses to

defend himself against Defendants' unlawful conduct, which included filing a frivolous and unsupported criminal charge against him.

99.    By reason of the foregoing, Plaintiff Basilio A. Simons has suffered damages in an amount of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff Basilio A. Simons demands judgment against Defendants, as more fully set forth above, on the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts in the sum of One Million ($1,000,000.00) Dollars.

Pursuant to 42 U.S.C. §1988(b), Plaintiff is entitled to a reasonable allowance for attorneys fees as part of his costs.

Plaintiff hereby demands that all issues in this case be tried by Jury.

All together with costs, interest, disbursements and such other and further relief which, to this Court, seems just, fair and proper.

Yours, etc.,

Law Offices of Anselmo A. Alegria
Attorneys for Plaintiff
Basilio A. Simons
245 Main Street, Suite 410
White Plains, New York 10601
(914) 761–1133

Anselmo A. Alegria (AA-5389)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BASILIO A. SIMONS,

                        Plaintiff,                 JURY DEMAND

          -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
DEPUTY INSPECTOR DOUGLAS G. ROLSTON,
POLICE LIEUTENANT MICHAEL WILLIS,
SERGEANT DAVID CANTER, and
POLICE OFFICER JAMES W. GIRDUSKY,

                        Defendants.
-------------------------------------------------------------------------X

**COUNSELORS:**

    **PLEASE TAKE NOTICE** that Plaintiff hereby demands that all issues in this case be tried by Jury.

Dated: New York, New York
       November _8_, 2006

                        Yours, etc.,

                        LAW OFFICES OF ANSELMO A. ALEGRIA
                        Attorneys for Plaintiffs
                        Basilio A. Simons
                        245 Main Street, Suite 410
                        White Plains, New York 10601
                        (914) 761–1133

                        By: _____
                          Anselmo A. Alegria (AA-5389)

To:

CORPORATION COUNSEL OF THE CITY OF NEW YORK
Attorneys for Defendants The City of New York and
The New York City Police Department
100 Church Street
New York, NY 10007

Deputy Inspector Douglas G. Rolston
New York City Police Department
115th Precinct

92-15 Northern Boulevard
Jackson Heights, NY

Lieutenant Michael Willis
New York City Police Department
115th Precinct
92-15 Northern Boulevard
Jackson Heights, NY

Sergeant David Canter
New York City Police Department
115th Precinct
92-15 Northern Boulevard
Jackson Heights, NY

Police Officer James W. Girdusky
New York City Police Department
115th Precinct
92-15 Northern Boulevard
Jackson Heights, NY

Q05655751

CRIMINAL COURT OF THE CITY OF NY
PART APAR   COUNTY OF QUEENS

## 2005QN053698

THE PEOPLE OF THE STATE OF

V.

BASILIO A SIMONS

DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS

POLICE OFFICER JAMES W GIRDUSKY OF 115 PCT TAX REG# 901608, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT NOVEMBER 9 2005 AT ABOUT 9:00 AM AT 94-15 GRAND CENTRAL PARKWAY, COUNTY OF QUEENS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE OF:
PL 120.14-1 MENACING IN THE SECOND DEGREE

IN THAT THE DEFENDANT DID:   INTENTIONALLY PLACED OR ATTEMPTED TO PLACE ANOTHER PERSON IN REASONABLE FEAR OF PHYSICAL INJURY, SERIOUS PHYSICAL INJURY OR DEATH BY DISPLAYING A DEADLY WEAPON, DANGEROUS INSTRUMENT OR WHAT APPEARS TO BE A PISTOL, REVOLVER, RIFLE, SHOTGUN, MACHINE-GUN OR OTHER FIREARM.;

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANTS, WILLIAM AND MARTHA PERERA, THAT AT THE ABOVE MENTIONED DATE, TIME AND PLACE OF OCCURRENCE THEY WERE INVOLVED IN AN INCIDENT OF ROAD RAGE WITH THE DEFENDANT, BASILIO A SIMONS. DEPONENT STATES THAT HE IS FURTHER INFORMED BY THE COMPLAINANTS THAT WHEN THEY STOPPED THEIR VEHICLE, THE DEFENDANT EXITED HIS VEHICLE, POINTED A GUN AT THEM AND DEMANDED THAT THEY EXIT THEIR VEHICLE AND PLACE THEIR HANDS ON SAID VEHICLE.

2300

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

11/9/05
DATE                    SIGNATURE

SWORN TO BEFORE ME ON THE
              DAY OF

DATE                    SIGNATURE