

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SABRINA TANN
Phone: (212) 442-8600
Fax: (212) 788-9776
stann@law.nyc.gov

December 18, 2007

**BY ECF**
Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   <u>Basilio A. Simons v. City of New York, et al.</u>, 06Civ. 6006 (DLI)(RER)

Your Honor:

        As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write pursuant to Your Honor's Order dated December 12, 2007 to respectfully request that the Court deny plaintiff's letter application, in which he seeks to compel the City of New York's settlement payment or alternatively, re-open this matter.

        As background, plaintiff Basilio Simons alleges that on November 9, 2005, he was falsely arrested and subsequently maliciously prosecuted by New York Police Department Deputy Inspector Rolston, Lieutenant Willis, Sergeant Canter and Officer Girdusky in violation of his federal and state civil rights. By letter dated October 12, 2007, the parties informed the Court that a settlement had been reached and that the parties were in the process of preparing the necessary settlement paperwork in this matter. The Court endorsed the parties' October 12, 2007 letter that same day and also directed the parties to consummate the settlement by December 12, 2007.

        As an initial matter, I am informed by the Comptroller's Office that the settlement payment in this matter was mailed to plaintiff's counsel's office on December 17, 2007 and therefore, plaintiff's application is moot. Accordingly, plaintiff's December 12, 2007 letter application should be denied.

        Further, defendants have not acted in bad faith in processing plaintiff's settlement payment in this matter. This Office cannot begin processing a settlement payment without the

required settlement paperwork, which includes a Stipulation and Order of Discontinuance signed by plaintiff's counsel and an Affidavit of No Liens and a General Release signed and notarized by plaintiff. Here, this Office could not immediately begin processing the settlement after the Court's October 12, 2007 Order because plaintiff failed to provide this Office with the above-referenced settlement paperwork until after October 18, 2007.

Contrary, to plaintiff's counsel's assertions, I spoke with him by telephone on several occasions to facilitate the settlement in this matter. Specifically, on or about October 18, 2007, I notified plaintiff's counsel that in error, he purported to return all of the required settlement paperwork to this Office by facsimile, however, he neglected to include a page of the Stipulation and Order of Discontinuance. During that conversation, he informed me to wait until the settlement documents arrived by mail because he was certain that he included all of the required paperwork in the mailed package. As a result, this Office had to wait until we received the executed settlement paperwork from plaintiff by mail. Thereafter, I promptly began processing the settlement in this matter. The docket sheet in this case reflects that I filed the Stipulation of Settlement and Discontinuance with the Court on October 26, 2007 promptly after receiving the document from plaintiff's counsel.

Accordingly, plaintiff's application should also be denied because defendant City has not acted in bad faith and in any event, the settlement check has already been mailed to plaintiff.

Defendant City thanks the Court for its consideration of the within request.

Respectfully submitted,

Sabrina Tann (ST 2552)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY ECF**
Honorable Ramon E. Reyes
United States District Judge

Anselmo Alegria, Esq.
Attorney for Plaintiff

2